# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 12-20141-13-KHV |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 16-2536-KHV |
| DAMIAN MAYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (ECF No. 985). For reasons stated below, the Court overrules defendant's motion.

## BACKGROUND

On November 20, 2013, a grand jury charged Damian Mays with conspiracy to manufacture, to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing cocaine and two counts of using a communication facility in committing, causing and facilitating the conspiracy. *See Second Superseding Indictment* (ECF No. 439), Counts 1, 11 and 12. On February 3, 2014, without a plea agreement, Mr. Mays pled guilty to all three counts. *See Petition To Enter Plea Of Guilty And Order Entering Plea* (ECF No. 559).

At sentencing, the Court calculated a base offense level of 32 under U.S.S.G. § 2D1.1 based on a drug quantity of 1.69 kilograms of cocaine and 220 grams of cocaine base, or a total marijuana equivalent of 1,123.62 kilograms. *See Presentence Investigation Report* (ECF No. 1131), ¶¶ 96, 100-01 (base offense level 32 for offense involving at least 1,000 kilograms but less than 3,000 kilograms of marijuana under 2013 version of Guidelines). The Court added two levels under

U.S.S.G. § 2D1.1(b)(1) because defendant possessed a dangerous weapon during the offense, another two levels under U.S.S.G. § 3C1.1 because defendant obstructed justice and two more levels under U.S.S.G. § 3C1.2 because defendant recklessly created a substantial risk of death or bodily injury to another in the course of fleeing from a law enforcement officer. *See id.*, ¶¶ 87, 90-91. The Court then subtracted two levels for defendant's acceptance of responsibility. *See id.*, ¶ 94. Based on a criminal history category II and a total offense level of 36, defendant's advisory guideline range was 210 to 262 months. *See id.*, ¶ 124.

On May 12, 2014, the undersigned judge, sitting by designation, sentenced Mr. Mays to 220 months in prison. *See Judgment In A Criminal Case* (ECF No. 721) at 2. Defendant appealed. On April 8, 2015, the Tenth Circuit Court of Appeals affirmed defendant's conviction and sentence. *See Order And Judgment* (ECF No. 928). On August 24, 2015, in light of Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 176 months. *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 942).

On July 28, 2016, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that the Court erred in calculating his guideline range under the United States Sentencing Guidelines. In particular, defendant argues that the Court erroneously enhanced his sentence for possession of a firearm, reckless endangerment and obstruction of justice.[1]

---

[1] Defendant asserts that he timely sent his motion, but that it was not filed until after the one-year deadline under 28 U.S.C. § 2255. The Court need not consider the timeliness of defendant's motion because his claims obviously lack merit. *See United States v. Allen*, 16 F.3d 377, 378–79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

**DISCUSSION**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. *See Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant challenges sentencing enhancements for possession of a firearm, reckless endangerment and obstruction of justice. On direct appeal, defendant raised the same three issues. The Tenth Circuit addressed each issue and affirmed this Court's sentencing findings. *See Order And Judgment* (ECF No. 928) at 10-15. Under the law of the case doctrine, once a court decides a rule of law, that decision continues to govern the same issues in subsequent stages in the same case. *Arizona v. California*, 460 U.S. 605, 618 (1983); *see United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011). The doctrine seeks to preserve the finality of judgments, to prevent continued re-argument of issues already decided, and to preserve scarce judicial resources. *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1132-33 (10th Cir. 2003). An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. *See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520-21 (10th Cir. 1997).

The Tenth Circuit recognizes only three "exceptionally narrow" grounds for departure from the law of the case doctrine: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice. *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). Defendant has not cited any potential exception to the law of the case doctrine or mandate rule, or otherwise explained why this

Court should rule in his favor on issues which the Tenth Circuit specifically rejected on direct appeal. Accordingly, the Court overrules defendant's motion to vacate his sentence.

## CONCLUSION

For the above reasons, the Court finds that the files and records in this case conclusively show that defendant is not entitled to relief. No evidentiary hearing or response by the government is required to resolve defendant's claim. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless petitioner's allegations, if proved, would entitle her to relief and allegations not contravened by record).

## CERTIFICATE OF APPEALABILITY

An appeal from a final order in a Section 2255 proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Keyes*, 280 F. App'x 700, 701 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons detailed in this Memorandum And Order, Mr. Mays has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**THEREFORE, it is hereby**

**ORDERED** that defendant's *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody* (ECF No. 985) is **OVERRULED** and that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED.**

Dated this 12th day of June, 2017 at Kansas City, Kansas.

SCOTT W. SKAVDAHL
United States District Judge